# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                        |     |                          |
| ---------------------- | --- | ------------------------ |
|                        | )   |                          |
| CHARLES B. SANDERS,    | )   |                          |
| Plaintiff,             | )   |                          |
|                        | )   |                          |
| v.                     | )   |                          |
|                        | )   | C.A. NO. N22C-06-065 DJB |
| CENTURION LLC.,        | )   |                          |
| ANTHONY JACOBS,        | )   |                          |
| EMILIA ADAH,           | )   |                          |
| Defendant(s).          | )   |                          |
|                        | )   |                          |

## ORDER

Before the Court is Plaintiff's Motion for Appointment of Counsel (hereinafter "Motion"). For the reasons set forth below, the Motion is **DENIED**.

1. Plaintiff filed this civil lawsuit against Defendants, *pro se*.[1] To date, the docket does not indicate that either service has been perfected, nor has an Answer been filed by any named Defendant.

2. Plaintiff, at the time of filing his Complaint, filed a Motion to Proceed in *Forma Pauperis*.[2] Upon review and after requesting follow up documentation, the Court granted that Motion.[3]

3. While long standing constitutional law dictates that the "[t]he right of indigent defendants to counsel in criminal matters is well established under the Sixth Amendment", the same is not true in a civil matter.[4] "Courts…have 'almost

---

[1]   D.I. 1, Transaction ID 67717419.
[2]   D.I. 6, Transaction ID 67717419.
[3]   D.I. 12, Transaction ID 64889845.
[4]   *Naisha v. Gilead Sciences, Inc.*, 2019 WL 5558519, at *1(Del. Super. Oct. 28, 2019).

universally' declined to extend the right to counsel to indigent plaintiffs in civil cases.[5] When reviewing such a motion in a civil matter, Delaware courts undergo an analysis pursuant to the Due Process clause of the Fourteenth Amendment of the United States Constitution and partake in a three-part analysis to review: "(1) the private interests at stake, (2) the government's interest and (3) the risk that the procedure without counsel would lead to erroneous results."[6]

4. In support of his Motion, Plaintiff argues the following: the medical issues he is presenting will require credibility determinations and expert testimony; the fact that it took him multiple submissions before his Complaint could be docketed is evidence that his "lack of legal procedures will be hurtful to his claim"; his prisoner status inhibits his ability to request full identification of Defendant Centurion nurses; factual in-person questioning can only be conducted with counsel; and counsel could assist in obtaining the appropriate address of record for Defendant Centurion.[7]

5. In turning to the first of the *Matthew* factors, the "private interests at stake" essentially looks at whether Plaintiff's has "meaningful access to the Courts," including whether Plaintiff has "either access to an adequate law library or legal assistance in the preparation of complaints, appeals, petitions, etc."[8] Here, Plaintiff has not argued he has lack of meaningful access to the Courts. At most, Plaintiff argued appointed counsel would be helpful, and argues the multiple attempts it took for his Complaint to be accepted as support. This argument assumingly references the lack of support Plaintiff initially provided with his Motion to Proceed *In Forma*

---

[5] *Id.*, citing *Miller v. Taylor*, 2010 WL 1731853, at *1 (Del. Super. Apr. 28, 2010).

[6] *Jenkins v. Dover Police Comm'r*, 2002 WL 663912, at *1 (Del. Super. Apr. 5, 2022), citing *Matthews v. Eldreidge*, 424 U.S. 319, 321 (1976).

[7] Def. Motion for Appointment of Counsel, D.I. 14, ¶¶ 1-6.

[8] *Naisha*, 2019 WL 5558519, at *1 (internal quotations omitted).

*Pauperis*. However, Plaintiff, while representing himself, ultimately successfully complied with the Court's Order and the Superior Court Civil Rules of Procedure, and eventually supplied the requisite information to the Court. That, in turn, resulted in his successful motion and case acceptance. Therefore, Plaintiff appears adequately familiar with the Court rules and procedures and has demonstrated his ability to successfully comply and litigate in this Court.[9] Further, Plaintiff has not argued that he has a lack of access to the prison law library, nor has he argued any restriction on his access to file in the Court due to his prisoner status.

6. In examining the second *Matthew* factor, the Court must look to the government's interest in "maintaining order and discipline in its penal institutions."[10] Plaintiff's motion is silent as to any argument with respect to this factor. Likewise, Plaintiff fails to set forth that his case and his position as an incarcerated inmate is any different or sets him apart from the "volume of cases in which *pro se* inmates litigate civil claims in [Superior Court]."[11]

7. In turning to the final *Matthew* factor, the Court must examine the risk that Plaintiff proceeding without counsel would lead to erroneous results. The Court interprets Plaintiff's Motion to include points on this factor, addressing the complexity of the case and how his case will be negatively affected in the discovery process and witness identification, should counsel not be appointed.

8. "The fact that complex investigation and discovery may be involved does not weigh in Plaintiff's favor."[12] Plaintiff essentially argues the possibility that

---

[9] *Id.*

[10] *Id.*, citing *Vick v. Depar't of Corrections*, 1986 WL 8003, at *3 (Del. Super. April. 14, 1986).

[11] *State of Delaware Ins. Cov. Office v. Rainier*, 2010 WL 2541665, at *1 (Del. Super. June 22, 2010).

[12] *Naisha*, 2019 WL 5558519, at *2, *see also Ayers v. Collins*, 2020 WL 7343022, at *2 (Del. Super. Dec. 14, 2020).

he will be hampered in his ability to effectively partake in discovery and obtain the witnesses and expert testimony needed to prosecute this civil action. "[S]imply being unable to undertake discovery or litigation or not having access to the statutory case law of Delaware are not adequate bases for a court to appoint counsel."[13] As a result, the complexity of this matter and any potential for diminished success without appointed counsel does not outweigh the State's interest in maintaining order and discipline in its penal institutions.[14]

9. After full consideration of all points raised in Plaintiff's Motion and a full analysis of the *Matthew* factors, the Court finds Plaintiff's Motion fails to set forth facts and arguments sufficient to warrant the extraordinary relief of appointed counsel in a civil litigation. Therefore, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED**.


 **IT SO ORDERED.**


*/s/ Danielle J. Brennan*
**Judge Danielle J. Brennan**

Dated: September 23, 2022

---

[13] *Parson v. DuShuttle*, 2019 WL 1131956, at *3 (Del. Super. Mar. 8, 2019) (citing *Benner v. Correction Medical Services*, 2008 WL 415972, at *1 (Del. Super. Aug. 12, 2008).

[14] *Rainier*, 2010 WL 2541665, at *1.